# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3345 | **DATE** | May 23, 2011 |
| **CASE TITLE** | Rafael Ugarte (#2010-0618290) v. C/O Marrotta, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [#3] is denied. Plaintiff is directed to submit a renewed *i.f.p.* petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 11/18/2010 through 5/18/2011. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. Additionally, Plaintiff is ordered to show cause in writing within thirty days of the date of this order why this case should not be dismissed for failure to exhaust his administrative remedies. The Clerk is directed to provide Plaintiff with a blank i.f.p. petition along with a copy of this order and to forward a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■[**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

Plaintiff has filed this cause of action pursuant to 28 U.S.C. § 1983, alleging that Defendants subjected him to excessive force and denied him medical care for a serious medical condition. Plaintiff has failed either to pay the $350.00 filing fee or file a properly completed application to proceed *in forma pauperis*. His application to proceed *in forma pauperis* is incomplete, however.

An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. Specifically, to enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, Plaintiff's i.f.p. petition is not properly certified by an authorized jail official, and Plaintiff has failed to include copies of his prison trust fund ledgers from the past six months. If he wishes to proceed with this lawsuit, Plaintiff must submit a properly certified i.f.p. petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from November 18, 2010, through May 18, 2010]. The Clerk will provide Plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). If Plaintiff submits another improperly certified i.f.p. application, this case will be summarily dismissed pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

AWL

| STATEMENT (continued) |
|---|

The court notes, further, a concern about exhaustion. The Prison Litigation Reform Act requires exhaustion of administrative remedies for any prisoner seeking redress for prison circumstances or occurrences. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit challenging prison conditions where the plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit; a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, it appears on the face of the complaint the Plaintiff could not have exhausted his administrative remedies prior to filing suit: Plaintiff pleads that he was subjected to excessive force on April 25, 2011. *See* Plaintiff's complaint, p. 7. He also affirmatively pleads that he has received no response to his grievances. *Id*. at p. 4. It appears most unlikely that Plaintiff can have exhausted the administrative remedies available to him at the Cook County Jail, prior to filing suit on May 18, 2011.

Plaintiff is ordered to show cause in writing, within thirty days of the date of this order, why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. Failure to adequately establish exhaustion will result in this case being dismissed without prejudice to Plaintiff's filing a new complaint, once he has exhausted.